**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000164
17-OCT-2025
07:50 AM
Dkt. 80 SO**

NO. CAAP-23-0000164

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

THE ESTATE OF UNA CHUH CHINN, also known as UNA C. CHINN,
Deceased.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 1CLP-22-0000907)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and Wadsworth, JJ.)

This appeal arises from a dispute between six siblings regarding the probate of the will of their mother, Una Chuh Chinn (**Mother**). Two of the siblings, Respondents-Appellants Barbara Lau (**Barbara**) and Patricia L. Chinn (**Patricia**) (collectively, **Appellants**), appeal the probate court's order granting probate of Mother's March 8, 2018 will (**2018 Will**), and the appointment of their brother, Petitioner-Appellee Eric K.H. Chinn (**Eric**) as Personal Representative (**PR**) of Mother's estate pursuant to the 2018 Will. We affirm.

Appellants appeal from the "Order Granting in Part Petition for Probate of Will and Appointment of Personal Representative" (**Order Granting Probate and PR**) and the "Judgment on Order Granting in Part Petition for Probate of Will and Appointment of Personal Representative" (**Judgment**), both filed and entered on February 21, 2023 by the Circuit Court of the First Circuit, sitting in probate (**Probate Court**).[1] They raise four points of error (**POEs**), which do not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(iii)'s requirement that each POE state "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency." The POEs state:

(1) The Probate Court erred in naming Eric Chinn the Personal Representative of the Estate of Una Chuh Chinn, due to undue influence, which resulted in the Fifth Amendment to the Una Chinn Trust dated May 3, 2017, Sixth Amendment to the Una Chinn Trust dated July 4, 2017, Seventh Amendment to the Una Chinn Trust dated July 8, 2017, and any later amendments and/or restatements of the Una Chinn Trust, which wrongfully disinherited Barbara Lau and her sons, and increased the Siblings' shares of Una Chinn's estate, to their benefits.

(2) The Probate Court erred in rejecting the request for the referral of the Petition to the Civil Trials Calendar pursuant to Rule 20, HPR [(Hawaiʻi Probate Rules (**HPR**)]. RA#64.

(3) The Probate Court erred in failing to issue an order and findings regarding the retention of the case in contravention of Rule 20(a), HPR. RA#64.

(4) The Probate Court's refusal to refer the Petition to the Civil Trials Calendar deprived Appellants of their right to a jury trial.

---

[1] The Honorable R. Mark Browning presided.

There are only two record references above, to "RA#64" in POEs 2 and 3, which do not show where and how the errors were preserved. "RA#64" refers to the Order Granting Probate and PR.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Appellants' POEs as follows.

HRAP Rule 28(b)(4) provides that "[p]oints not presented in accordance with this section will be disregarded[.]" The Hawaiʻi Supreme Court has stated, however, that we must look for whether "the remaining sections of the brief provide the necessary information to identify the party's argument" in accordance with the public policy of affording "litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012).

Applying this liberal review standard to Appellants' Opening Brief, we note that POEs 2 and 3 raise a challenge based on the HPR Rule 20 requirement for a probate court to issue an order assigning a contested case to the civil trials calendar or retaining the case in the probate court.[2] The absence of such an order is typically a dispositive, threshold issue. Our review of the remaining sections of the Opening Brief, however, still does not reveal where and how Appellants preserved their HPR Rule 20 argument. While the brief contains argument regarding the HPR Rule 20 challenge, the argument contains no record references. See HRAP Rule 28(b)(7) (requiring argument to be

---

[2] In In re Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984, 147 Hawaiʻi 456, 468, 465 P.3d 903, 915 (2020), the Hawaiʻi Supreme Court held that under HPR Rule 20(a), "when a case is contested the probate court must, through a written order, either assign the case to the circuit court or retain it."

supported by citations to the record). In their argument, Appellants claim they "raised" the HPR Rule 20 issue in "oral argument" below, stating: "The Probate Court's announcement of its decision likewise made no mention of the ruling on the Rule 20, HPR request, <u>which counsel raised in his oral argument</u>, nor was any reason given on the record when the Court made its findings." Opening Brief at 30 (emphasis added). Appellants do not indicate where in the record, or where in the transcript of the January 5, 2023 hearing such oral argument was made. A review of that transcript does not reveal such argument.

Petitioners-Appellees Eric, Individually and as Trustee of [Mother's] Revocable Living Trust dated May 12, 1993, and the other siblings Herbert K.W. Chinn (**Herbert Jr.**), Stephen K.B. Chinn (**Stephen**), and Wendy Vance (**Wendy**) (collectively, **Appellees**) argue that Appellants are "judicially estopped from claiming the court erred in appointing Eric Chinn as personal representative, based on Appellants' claim of undue influence." Appellees point to Appellants' counsel's statements at the hearing on Eric's "Petition for Probate of Will and Appointment of Personal Representative" (**Petition**), as evidence that Appellants "abandoned their claim of undue influence" because "when asked by the Probate Court why the [2018] Will should not be probated, Appellants' counsel stated that he did not have a problem with the probate"; and the Probate Court "relied upon Appellants' position" and their "concession" to Appellees' counsel's statements that the 2018 Will was "genuine" and "bona fide," in ruling to grant the Petition. In light of Appellees' arguments, we review the transcript of the January 5, 2023 hearing on the Petition to ascertain whether Appellants "abandoned" their challenge to the probate of the 2018 Will.

The relevant record reflects that Eric's November 1, 2022 Petition requested probate of the 2018 Will and for him to be appointed PR pursuant to the 2018 Will. The 2018 Will nominated Eric as PR, Herbert Jr. if Eric was unable to serve, Wendy if Herbert Jr. was unable to serve, and Stephen if Wendy was unable to serve. Appellants' December 2, 2022 objection to the Petition (**Objection**) claimed the 2018 Will was the product of undue influence; that the January 31, 2017 will (**2017 Will**) should be probated; that "Henry Beerman" (**Beerman**) should be nominated as PR because Patricia and Eric "are parties to lawsuits, and conflicted out." The 2017 Will appointed Mother's spouse Herbert Y.H. Chinn, Patricia, and Eric as co-Personal Representatives (**co-PRs**), then "the survivor of them" as "Alternate" PR, and Beerman as the "Next Alternate" PR. Appellants' 20-page Objection contained a single sentence request on the last page, that "the Court is requested to declare the matter contested pursuant to [HPR] Rule 20 . . . and assign the case to the Trials Calendar of the Circuit Court, either Judge Ochiai or Judge Gary Chang, who are handling related lawsuits involving the same parties." Eric filed a December 12, 2022 response to Appellants' Objection.

At the January 5, 2023 hearing on the Petition, the Circuit Court commenced the hearing by pointing out that: "the only difference between the wills is who's the personal representative[,]" as follows:

> [THE COURT]: I've read everything. I'm laughing because I can't believe I got 33 pages plus on an issue regarding a probate of a personal representative. And I got two wills, and the only difference between the wills is who's the personal representative. Why did I need 33 pages of -- of argument? Why can't we just settle on a neutral?

After hearing argument from Eric's counsel, the Circuit Court then asked Appellants' counsel the following:

> [THE COURT]:  I'm aware of the facts, Mr. Kawata.
>
> [MR. KAWATA]:  Right. So anyway --
>
> [THE COURT]:  What I want to know is --
>
> [MR. KAWATA]:  -- what ended up happening --
>
> [THE COURT]:  -- why shouldn't I go ahead and probate the will?
>
> [MR. KAWATA]:  Sorry?
>
> [THE COURT]:  It being presented.
>
> [MR. KAWATA]:  <u>I don't necessarily have a problem with the probate but I suggest a neutral</u>.
>
> [THE COURT]:  Okay.
>
> [MR. KAWATA]:  All right.
>
> [THE COURT]:  All right.

(Emphasis added.)  After further questions by the Probate Court and responses from both counsels, Appellees urged the court to award them fees and grant the petition because of Appellants' counsel's admission that "he doesn't have a problem with the will" -- to which the Probate Court agreed, as follows:

> [ERIC'S COUNSEL]:  And we are requesting fees . . . against respondents[.] . . .  And he's -- he basically admitted, <u>I heard him say he doesn't have a problem with the will.  The will is genuine.  It's bona fide.  It should be admitted to probate</u>, judge.  Thank you.
>
> [THE COURT]:  Thank you.  <u>That's my conclusion as well</u>.  Petitioner's -- petition's granted in part subject to the court's receipt and review of the declaration for attorneys' fees and costs and a refiled docket 43.  The instrument dated March 8th [(2018 Will)] is admitted into probate as the last will and testament of decedent. The court will appoint petitioner as the personal representative, serve without bond.

(Emphases added.)

Appellants' Reply Brief argues against judicial estoppel, explaining that "Appellants' counsel was simply

6

stating that he welcomed a probate, as long as Eric Chinn was not the Personal Representative and a neutral was appointed." Appellants explain the context for their counsel's statements as follows:

> The Probate Court's approach was to query counsel about whether there was a difference if either the January 31, 2017 Will or the March 8, 2018 Will was probated. The Probate Court's observation was that under both Wills, the Probate Estate would "pour over" to the Trust. As such, it didn't matter which Will was probated, since, under each Will, the dispositive provisions were the same, i.e. to the Una Chinn Trust. . . .
>
> Mindful of the Court's inclination, Appellants' counsel argued that the Personal Representative should be a neutral individual and not Eric Chinn, due to the significant conflicts of interest because Barbara Chinn [sic] and Patricia Chinn had both filed suit against Eric Chinn in other cases which were detailed to the Probate Court in the Objection to Eric Chinn's Petition filed by Appellants . . . .

Appellants contend that "[t]he claim that Appellants' counsel agreed to the Probate of the March 8, 2018 Will and appointment of Eric Chinn is totally without merit"; and that "Appellants consistently maintained their objections and their position with respect to the request for a Rule 20, HPR referral of the contested case to the Civil Trials Calendar." Appellants' contentions are not supported by the transcript and are unpersuasive.

Here, the relevant record reflects that Appellants did not object to, and stated they "d[id]n't necessarily have a problem with the probate" of the 2018 Will, when the Probate Court directly asked Appellants' counsel for his position on probating the 2018 Will presented in the Petition. The 2018 Will designated Eric as PR. The transcript also does not reflect any argument based on HPR Rule 20. When the Probate Court agreed with Eric's counsel's assertions that Appellants'

counsel "basically admitted . . . he doesn't have a problem with the [2018] [W]ill" and the 2018 Will was "genuine" and "bona fide[,]" Appellants did not object or attempt to correct the Probate Court's agreement with, and adoption of, Eric's counsel's assertions as its own conclusions. Given this record, we conclude that Appellants waived their challenge to the Petition to probate the 2018 Will and the Probate Court's failure to refer the Petition to the Civil Trials Calendar. See State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) (stating the general rule that if a party fails to raise an argument at trial, that argument will be deemed to be waived on appeal).

For the foregoing reasons, we affirm the Probate Court's February 21, 2023 Order Granting Probate and PR and Judgment.

DATED: Honolulu, Hawai'i, October 17, 2025.

On the briefs:

Mark S. Kawata,
for Respondents-Appellants
Barbara Lau and Patricia L.
Chinn.

Michael D. Rudy,
for Petitioners-Appellees
Eric K.H. CHINN, Individually
and as Trustee of the Una Chuh
Chinn Revocable Living Trust
dated May 12, 1993, and
Herbert K.W. Chinn, Stephen
K.B. Chinn, and Wendy Vance.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge